IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL JONES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2589 |
| | : | |
| MARK WAHL, et al. | : | |

# **ORDER**

AND NOW, this 27th day of June, 2024, upon careful and independent consideration of Petitioner Jamal Jones' pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, Jones' Objections thereto, and the Commonwealth's response to the Objections, it is ORDERED:

    1.    Jones' Objections (ECF No. 14) are OVERRULED;[1]

---

[1] Petitioner Jamal Jones filed a habeas petition on June 27, 2023. ECF No. 2. On April 23, 2024, United States Magistrate Judge Carol Sandra Moore Wells recommended Jones' petition be dismissed as untimely, without an evidentiary hearing. R. & R. 1, ECF No. 13. The Report and Recommendation was mailed to Jones on April 26, 2024, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."). The Clerk of Court docketed Jones' objection on May 9, 2024, but Jones included a certificate of service dated May 6, 2024—10 days after service of the Notice. Pet'r's Objection 5, ECF No. 14. Jones' objection is thus timely filed under the federal prisoner mailbox rule. *See Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017).

Jones' sole objection argues he is entitled to equitable tolling for a four-month period between March 20, 2020 and July 20, 2020 due to "the unique circumstances of Covid-19." Pet'r's Objection ¶ 6. Such equitable tolling would make his petition deadline "between September 1st, 2023, and September 6th, 2023," or more than two months after he filed his habeas petition. *Id*. ¶ 6. Jones asserts he pursued his rights with "complete diligence," but a COVID-19 lockdown prevented him from accessing the law library while preparing his Post-Conviction Relief Act petition. *Id*. ¶¶ 8, 11. The law library allegedly did not return to full capacity until late 2021. *Id*. ¶ 12.

The Court overrules Jones' objection. As an initial matter, Jones did not raise any COVID-19 equitable tolling argument prior to this objection. *See* R. & R. 6 (explaining Jones "fail[ed] to

2. The Report and Recommendation (ECF No. 13) is APPROVED and ADOPTED;[2]

3. Jones' petition for writ of habeas corpus (ECF No. 2) is DISMISSED as time-barred, without an evidentiary hearing; and

4. A certificate of appealability shall not issue, as Jones has neither demonstrated the denial of a federal constitutional right nor that reasonable jurists would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

assert that any circumstances prevented him from timely filing" and "fail[ed] to identify any reason why he failed to seek habeas relief, before the May 1, 2023 deadline"). Under Local Rule 72.1(IV)(c), "unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Local R. Civ. P. 72.1(IV)(c); *see also Sessom v. Wenerowicz*, Civ. No. 13-2179, 2013 WL 5761303, at *1 n.1 (E.D. Pa. Oct. 24, 2013) (explaining "courts within this district and around the country have routinely refused to hear arguments similarly raised for the first time in an objection to an R & R"). Jones offers no explanation for his failure to raise an issue that was known while his petition was under consideration by the Magistrate Judge, and nothing suggests the interests of justice require consideration of his objection.

The Court nonetheless notes Jones' objection lacks merit. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Jones' equitable tolling argument fails at the first step, as he has not shown he diligently pursued his rights. Jones references an attached "docket sheet," but no exhibit is attached to his filed objection, and he does not explain how the docket sheet demonstrates his diligence. *See* Pet'r's Objection ¶ 8. He otherwise fails to explain how a lockdown limited to part of 2020 prevented him from timely filing his habeas petition almost three years later. Accordingly, Jones' objection is overruled.

[2] The Court finds Magistrate Judge Wells' analysis, as set forth in the Report and Recommendation, to be sound.